Downey, Judge,
delivered the opinion of the court:
The plaintiff, who was an official, with different designations at different times, in the special agency branch of the Customs Service, incurred, in connection with the discharge of his official duties and under proper authority, expenses for travel and subsistence in the sum of $2,249.52, for which he presented a proper voucher duly approved.
The Comptroller General disallowed $319.07 of said sum as subsistence expenses in excess of $5 per day, and the facts in that respect are not in dispute. Neither is it in dispute that the amount of subsistence expenses claimed by the plaintiff was within $8 per day, to which he asserts that he was entitled, and sues here for the amount of the dis-allowance.
The General Accounting Office, in limiting its allowance of subsistence expenses to $5 per day, predicates its action on a paragraph of the act of April 6, 1914, found in 88 Statutes at Large at page 318 and reading as follows:
“ On and after July first, nineteen hundred and fourteen, unless otherwise expressly provided by law, no officer or employee of the United States shall be allowed or paid any sum in excess of expenses actually incurred for subsistence while traveling on duty outside of the District of Columbia and away from his designated post of duty, nor any sum for such expenses actually incurred in excess of $5 per day; * *
The plaintiff relies upon section 5 of the act of March 4, 1923, 42 Stat. 1453, which section is as follows:
“ Sec. 5. That all customs officers and employees, including customs officers and employees in foreign countries, in addition to their compensation shall receive their necessary traveling expenses and actual expenses incurred for subsistence while traveling on duty and away from their designated station, and when transferred from one official station to another for duty may be allowed, within the discretion *203 and under written orders of the Secretary of the Treasury, the expenses incurred for packing, crating, freight, and drayage in the transfer of their household effects and other personal property, not exceeding in all five thousand pounds.”
The contention for the plaintiff is that the section last quoted superseded or repealed, so far as the Customs Service is concerned, the act of April 6, 1914, next before quoted, and that he was therefore entitled to reimbursement of all subsistence expense actually incurred, although his claim was within the limit prescribed by the Secretary of the Treasury.
The situation existing at the time of the passage of the act of 1914 putting the limit of $5 per day on subsistence expenses and also the purpose and nature of that act aid in the conclusion to be reached.
An attempt to trace the history of legislation and regulations for the payment of travel expenses previous to the time here important would involve the unraveling of a tangled skein without much resultant profit. Apparently the first restrictive legislation of a general character is found in the act of March 3, 1875, 18 Stat. 452, providing that “ hereafter only actual traveling expenses shall be allowed to any person holding employment or appointment under the United States,” with some exceptions stated, and evidently intended to prohibit the common practice of allowing a per diem to the possible profit of the traveler.
Thereafter and before the passage of the act of April 6, 1914, there were many legislative authorizations with reference to travel expenses, mostly in appropriation acts, under which departmental regulations were promulgated until the practice was almost wholly without uniformity. The acts in force shortly before the passage of the act of 1914 are summarized in the report of President Taft’s Commission on Economy and Efficiency transmitted to Congress by the President on April 4, 1912, and published as House Document No. 670, to which we refer. From this report, no doubt accurate, it appears that different systems as to payment of travel expenses, which included subsistence, were prevalent in the various departments, differing even in different *204 bureaus of tbe same department and including the payment of a per diem allowance in lieu of subsistence, payment of actual expenses within limits ranging from $3 to $6 and even, in rare cases, $8 per day, and the payment of a fixed mileage allowance to include all expenses.
The situation was anomalous and abuses were prevalent. Abuses are generally the inspiration for restrictive legislation, and it is quite apparent from the phraseology of the legislation itself without going into its history that the conditions described in the report referred to inspired the provision above quoted from the act of April 6, 1914. The statement by the chairman of the committee in charge, who proposed this provision as an amendment to the pending urgent deficiency bill, was that its object was “ to correct what is believed to be an abuse.”
This provision of the act of 1914 was apparently the first statute which dealt separately with subsistence expenses, theretofore treated as a part of travel expense, and it was immediately construed, and no doubt correctly so, as prohibiting the payment of a per diem in lieu thereof or a fixed mileage allowance to cover all expenses. In the first-named respect it was modified or amended by a provision in the sundry civil bill, approved the first day of the following August, authorizing heads of departments to prescribe a per diem allowance of $4 in lieu of subsistence.
The nature of the act of 1914 is for consideration, particularly in view of some lines of argument presented. In addition to the suggestion that it is restrictive in character it is to be observed that of itself it confers no rights. If there were no other authority for reimbursing subsistence expenses to any class; of employees such authority could not be found in this act. It is not affirmative but strictly negative in its character.
The effect of this possible omission of section 5 from the act of March 4, 1923, is discussed. The view seems to be that if omitted customs officials would have been subject to the provision of the act of 1914 and that there was no occasion for the inclusion of the section unless it was intended thereby to relieve them from the restrictions imposed by *205 the act of 1914. But however that may be it is apparent that if section 5 were omitted no right to subsistence expenses in any amount could be derived from the act of 1914,
Acts antedating the act of 1914 had provided in varying terms, but to the same effect, for the payment of compensation in addition to necessary traveling expenses to the officials in said acts provided for, and to the extent that such officials were continued in office authority to reimburse to them traveling expenses might have been found in those acts; but if resort thereto were necessary, the limiting provisions of the subsequent act of 1914 would necessarily apply. But the act of 1923 was a reorganization act, providing for some customs officials not theretofore provided for, and to the extent at least that it so provided there would seem to be occasion for the insertion of section 5 as authority to pay travel and subsistence expenses in addition to the compensations to be fixed.
The contention, of course, is that section 5 of the act of of 1923 is such an express provision of law as is contemplated by the act of 1914, and therefore served to remove the limitations of the latter act. The words “ unless otherwise expressly provided by law ” as used in the act of 1914 must find their proper application as well as consequent interpretation. They were addressed to the words, of limitation used in thát act and must be interpreted as meaning an express provision of law addressed not to the allowance merely of subsistence expenses but specifically to the limitation put upon those expenses. Congress by the act of August 1. 1914, authorized a limited per diem in lieu of subsistence, and thus by an express provision of law removed an inhibition against per diem in lieu of subsistence. That was such an express provision of law as the act of 1914 contemplated. By other acts not necessary to recite Congress has-allowed subsistence expenses up to a higher limitation than that provided for by the act in question, and where it has: specifically provided for a higher limitation it has met the requirements of the act and otherwise expressly provided as to the limitation. Section 5 is silent in that respect..
*206 It is said that legislation providing for the payment of travel expenses without limit is not unusual and statutes applying particularly to the Customs Service are cited, but the argument loses its force when it is suggested that those enactments preceded the act of 1914, and that that act was evidently intended to cure evils which had grown up under those and other similar statutes.
After the passage of the act of March 4, 1923, the Secretary of the Treasury construed section 5 as superseding not only the act of April 6, 1914, but also the act of August 1, 1914, authorizing a per diem in lieu of subsistence, and directed that reimbursement for subsistence in connection with official travel in the Customs Service should be made “ for expenses actually incurred therefor,” but that “ no sum for such expenses actually incurred in excess of $8 per day will be allowed.” The Secretary thus by virtue of the act of 1923 took the Customs Service out of the operation of the act of April 6, 1914, but seemed unwilling to interpret the act of 1923 as meaning what it said, without limitation. It is not necessary to decide the question, but it bears on the proper construction of the act of 1923 to say that no authority was given the Secretary to put any limitation on whatever rights may have been given by section of that act. If the construction put upon that section was right and it took the Customs Service out of the operation of the act of April 6, 1914, and, freed from the restrictions of that act, allowed all expenses actually incurred for subsistence, the only condition was that the expenses should be “ actually incurred,” and if, perchance, a traveler of luxurious and epicurean tastes should actually incur a subsistence expense of fifteen, twenty, or twenty-five dollars per day, or even more, the right of reimbursement would be a statutory one which the Secretary might not curtail. For it is noticeable that while “ traveling expenses ” are limited by the word “ necessary,” there is not even that limitation on subsistence expenses if this section is to stand alone. The plaintiff, it should be said, disclaims the assertion of any right under the $8 per day regulation, being apparently of the opinion that it was unauthorized, but founds his claim on the law alone; that is, on section 5 of the act of March 4, 1923.
*207 To sustain the plaintiff’s contention is to hold that Congress intended to grant this broad right absolutely without limit and turn this particular class of employees out to live in luxury and reimburse them whatever they might see fit to expend upon proof only that they incurred the expense. We are not concerned with the policy of Congress in respect to what it should or should not do, but we may consider its accustomed policy in a particular respect when we seek to determine what it has done; and we may consider as persuasive the inference that it did not intend to depart from a given policy, unless that intention clearly appears. Since the passage of the act of April 6, 1914, it has been its policy, in compliance with the provisions of that act, to expressly so provide when it intended to depart from the limitations contained therein. With that act in force and its provisions evidently in mind in other cases, it seems unreasonable to conclude that as to this particular branch of the public service it intended to completely let down the bars by wiping out all existing limitations and providing no others.
The following statutes subsequent to the act of April 6, 1914, may be noted. The act of March 4, 1919 (40 Stat. 1825, at 1334), provided that consular inspectors should be allowed actual and necessary expenses for subsistence “ not exceeding an average of $8 per day.” The act of July 1, 1918 (40 Stat. 634, at 683), provided that the maximum allowance “ for actual expenses of subsistence ” to the United States attorney for the District of Columbia and his assistants when absent from the District of Columbia on official business should be $4 per day. The act of March 3, 1919 (40 Stat. 1291, at 1296), provided that supervisors of the census might be allowed actual and necessary traveling expenses and an allowance in lieu of subsistence not exceeding $4 per day. The act of June 10, 1922 (42 Stat. 625, at 631), provided that no officer of the services mentioned in the title of the act should be allowed or paid any sum in excess of expenses actually incurred for subsistence while traveling on duty away from his designated post of duty, nor any sum for any expenses actually incurred in excess of $7 per day. The act of September "21, 1922 (42 Stat. 858, at 972), provided that general appraisers, stenographic *208 clerks, and Government counsel shall each be allowed and paid his necessary expenses of travel and his reasonable expenses, not to exceed $10 per day in the case of general appraisers and Government counsel and $8 per day in the case of stenographic clerks, actually incurred for maintenance while absent from New York on official business. The act of March 4,1923 (42 Stat. 1503, amended section 370 It. S.), which had allowed certain officers of the Department of Justice “actual and necessary expenses while absent from the seat of government,” by providing that such officers should receive in addition to their salary and the necessary expenses of travel their “ actual expenses incurred for subsistence, not to exceed $6 per day.” It is noticeable that the last-mentioned act bears the same date as the act of March 4, 1923, here in question. It is also to be observed that none of the acts cited place upon the allowance of subsistence expenses the same limitation provided in the act of April 6, 1914, but that each provides a different limitation, in some cases less and in some cases more. The reasonable inference is that where Congress did not provide a different limitation it intended the limitation in the act of April 6, 1914, to apply.
Suggestion is made of the fact that the Secretary of the Treasury, in submitting to the chairman of the House committee a report on the bill which afterwards became the act of March 4, 1923, suggested or perhaps recommended the insertion in section 5 of the words “ not to exceed $8 per day ” and that they were not inserted, the committee report being silent on the subject. Is it reasonable to assume that the committee in charge ignored this suggestion because it wished by this section to allow subsistence expenses without limit, or is it the more reasonable to conclude that it ignored the suggestion because it was unwilling to increase the existing limitation to the amount suggested ? The usual disposition of Congress in such matters should answer the question. If the conditions to be met are of any importance, it is to be observed that the act of March 4, 1923, permitted the Secretary of the Treasury to fix compensations, limiting him only to an increase of 30 per cent.
*209 Section 5 of the act of March 4, 1923, authorized the payment of traveling and subsistence expenses but did not by an express provision as contemplated by the act of April 6, 1914, remove the limitations of that act.
It follows that the plaintiff can not recover.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.